UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV - 07   4995

SOLOMON AZOSE and NATALIE AZOSE,

                     Plaintiffs,

(N.S.F.)
R

**NOTICE OF REMOVAL**

   - against -

Civil Action No.

WASHINGTON MUTUAL BANK, J.P. MORGAN
CHASE & CO. and CHASE MANHATTAN
BANKING CORPORATION,

TRAGER, J.

                Defendants.

LINDSAY, M.

------------------------------------------------------------X

TO THE JUDGES of the United States Court for the Eastern District of New York:

    Defendant Washington Mutual Bank ("WAMU") states:

    1.     On or about October 31, 2007, plaintiffs Solomon Azose and Natalie Azose

commenced an action against WAMU and others in the Supreme Court of the State of New

York, County of Queens under Index No.27099/07.  A copy of the Summons and Complaint

in the state court action is annexed hereto as Exhibit "A".

    2.     The action is styled as a Class Action.

    3.     Plaintiffs, on behalf of themselves and all persons similarly situated, assert

             claims

against WAMU for its alleged failure to provide notice of "ATM balance inquiry fees" in

violation of the Electronic Fund Transfers Act ("EFTA"), 15 U.S.C. §1693 *et seq* and its

implementing regulations, 12 C.F.R. §205 *et seq.*

    4.     This Court has original jurisdiction of these EFTA claims as set forth in 28

U.S.C. Section 1441(b).

5.     Plaintiffs also assert claims for breach of contract, common law fraud, New York Deceptive Practices Act, and unjust enrichment.  This Court may assert jurisdiction over these claims and the other claims asserted by plaintiffs pursuant to the Court's supplemental jurisdiction under 28 U.S.C. §1367 and 28 U.S.C. §1441(c).

6.     WAMU was served with the Summon and Complaint on or after November 7, 2007.  In accordance with the requirements of 28 U.S.C. §1446, this Notice of Removal is filed within thirty (30) days after receipt of a copy of the Summons and Complaint in the state court action.

7.     Written notice of the filing of this petition will be given to advise all adverse parties of the instant filing of the notice of removal as required by law.

WHEREFORE, WAMU prays that the above action now pending against defendants in the Supreme Court of the State of New York, County of Queens, be removed therefrom to this Court, and this Court accept jurisdiction of this action and henceforth that this action be placed on the docket of this Court for further proceedings, the same as though this action had originally been instituted in this Court.

Dated: Garden City, New York
         November 30, 2007

CULLEN AND DYKMAN LLP

By: _____
James G. Ryan (JRG 4746)
Attorneys for Defendant
Washington Mutual Bank
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700

- 2 -

EXHIBIT

A



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------X
SOLOMON AZOSE and NATALIE AZOSE,

      Plaintiff,

  -against-

WASHINGTON MUTUAL BANK, J.P. MORGAN
CHASE & CO. and CHASE MANHATTAN
BANKING CORPORATION,

      Defendants.


-------------------------------------------X

Index No. 27809/07
Date Filed: 10/31/07

Plaintiff designates
QUEENS
County as the place
of Trial
The basis of venue is
Plaintiff's Address

SUMMONS

Plaintiffs reside at
607 Jarvis Avenue
Far Rockaway, NY 11691

To the above named Defendant(s)

  **YOU ARE HEREBY SUMMONED** to answer the complaint in this action
and to serve a copy of your answer, or, if the complaint is not
served with this summons, to serve a notice of appearance, on the
Plaintiff(s) Attorney(s) within 20 days after the service of this
summons, exclusive of the day of service (or within 30 days after the
service is complete if this summons is not personally delivered to
you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for
the relief demanded in the complaint.

DATED:  October 18, 2007

           _Victoria L. Weinman_
           HARRY I. KATZ, P.C.
           BY: Victoria L. Weinman
           Attorney for Plaintiff(s)
           61-25 Utopia Parkway
           Fresh Meadows, NY  11365
           (718) 463-3700


Defendant(s) Address:

Washington Mutual Bank
c/o Susan R. Taylor
1201 Third Avenue
WMT 1706
Seattle, WA 98101

J.P. Morgan Chase & Co.
c/o CT Corporation
111 Eighth Avenue, 13th Fl.
New York, NY 10017

Chase Manhattan Banking Corporation
1 Chase Manhattan Plaza
New York, NY 10081

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
SOLOMON AZOSE and NATALIE AZOSE,

                Plaintiffs,         VERIFIED COMPLAINT

   -against-                    CLASS ACTION

WASHINGTON MUTUAL BANK, J.P. MORGAN   Index No.  27099/07
CHASE & CO. and CHASE MANHATTAN
BANKING CORPORATION,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

    Plaintiffs, Solomon Azose and Natalie Azose, individually and

on behalf of all other persons similarly situated, by their

undersigned attorney, HARRY I. KATZ, P.C., as and for their

Complaint against defendants, allege the following, based upon

personal knowledge as to themselves and their own action, and, upon

information and belief, as to all other matters (Plaintiffs believe

that substantial evidentiary support will exist for the allegations

set forth herein after a reasonable opportunity for discovery):


              NATURE OF THE ACTION


    1.  Plaintiffs, Solomon Azose and Natalie Azose ("Azose" or

"plaintiffs"), bring this class action for breach of contract,

fraud, violation of the Consumer Protection Act, and violation of

Section 205.16 of the "Electronic Fund Transfer Act Regulation E"

on behalf of a class, as further defined herein, of all present and

former customers of defendants[1]  who were damaged as a result of

- - - - - - - - - - - - - - - - - - - -

    [1]All references to "defendant" throughout this complaint are
intended to refer individually to each defendant named in the
caption unless otherwise specified.

defendants charging "ATM Balance Inquiry Fees" on their checking,
savings or other consumer asset accounts.

2.   Plaintiffs are customers of defendant Washington Mutual
Bank.

3.   Upon information and belief, defendant owns automated
teller machines at the "Chase" Bank located at 335 Rockaway
Turnpike, Village of Lawrence, County of Nassau, State of New York.

4.   Upon information and belief, defendant operated automated
teller machines at the "Chase" Bank located at 335 Rockaway
Turnpike, Village of Lawrence, County of Nassau, State of New York.

5.   Upon information and belief, defendant controlled the
automated teller machines at the "Chase" Bank located at 335
Rockaway Turnpike, Village of Lawrence, County of Nassau, State of
New York.

6.   That plaintiffs have used the services of the above-
described automated teller machines

7.   On or about July 2007, defendant, Washington Mutual Bank,
generated a monthly banking statement to plaintiffs (attached
hereto as Exhibit "A")

2

8. That the statement was meant to indicate certain fees charged to the customer.

9. On June 15, 2007, an "ATM Balance Inquiry Fee" was charged to plaintiffs in the amount of $2.00.

10. That the June 15, 2007 transaction occurred at the defendant's automated teller machine located at located at 335 Rockaway Turnpike, Village of Lawrence, County of Nassau, State of New York.

11. On June 18, 2007, an "ATM Balance Inquiry Fee" was charged to plaintiffs in the amount of $4.00.

12. The June 18, 2007 transaction occurred at the above described ATM location.

13. On July 17, 2007, an "ATM Balance Inquiry Fee" was charged to plaintiffs in the sum of $4.00.

14. That the July 17, 2007 transaction occurred at the above described ATM location.

15. That on June 15, 2007, the ATM failed to advise plaintiff that a fee would be imposed for the balance inquiry.

3

16.    That on June 18, 2007, the ATM failed to advise plaintiffs that a fee would be imposed for the balance inquiry.

17.    That on July 17, 2007, the ATM failed to advise plaintiffs that a fee would be imposed for the balance inquiry.

18.    That on June 15, 2007, the ATM failed to advise plaintiffs of the amount of any fee for the balance inquiry.

19.    That on June 18, 2007, the ATM failed to advise plaintiffs of the amount of any fee for the balance inquiry.

20.    That on July 17, 2007, the ATM failed to advise plaintiffs of the amount of any fee for the balance inquiry.

21.    That on June 15, 2007, the ATM failed to advise plaintiffs that they could elect to discontinue the transaction based upon any fees.

22.    That on June 18, 2007, the ATM failed to advise the plaintiffs that they could elect to discontinue the transaction based upon any fees.

23.    That on July 17, 2007, the ATM failed to advise the plaintiffs that they could elect to discontinue the transaction based upon any fees.

24.    Upon information and belief, at the times herein mentioned, the ATM was programmed not to advise plaintiffs of the balance inquiry free.

25.    Upon information and belief, at the times herein mentioned, the ATM was programmed not to advise the plaintiffs of the amount of the balance inquiry fee.

26.    Upon information and belief, at the times herein mentioned, the ATM was programmed not to advise the plaintiffs that they could elect to discontinue the transaction based upon any fees.

27.    That defendants failed to comply with the requirements of Section 205.16 of the Electronic Code of Federal Regulations.

28.    This Court has jurisdiction under Civil Practice Laws and Rules (CPLR) Sections 301 and 302, because defendant is a corporation doing business in the State of New York and transacts business and contracts to supply goods or services within the State of New York.

29.    Venue is appropriate in this Court under CPLR Section 503 because plaintiffs are residents of the County of Queens, State of New York.

5

30.   This Court has personal jurisdiction over defendant because it conducts systematic and continued business with the State of New York and because a substantial portion of the wrongdoing alleged in this Complaint took place in this State and County.

## THE PARTIES

31.   Plaintiffs, Solomon Azose and Natalie Azose, reside at 607 Jarvis Avenue, in the County of Queens, City and State of New York.

32.   On behalf of themselves and all persons similarly situated, plaintiffs bring this action against defendants pursuant to Section 901 of New York Civil Practice Laws & Rules.

33.   Defendant, Washington Mutual Bank, is a foreign corporation doing business in the State of New York.

34.   Defendant, J.P. Morgan Chase & Co., is a foreign corporation doing business in the State of New York.

35.   Defendant, Chase Manhattan Banking Corporation, is a foreign corporation doing business in the State of New York.

6

36.  Defendant, Chase, is a foreign corporation doing business in the County of Nassau, State of New York.

## CLASS ACTION ALLEGATIONS

37.  Plaintiffs brings this action as a class action as a class pursuant to Article 9 of the CPLR on behalf of a Class consisting of all present and previous customers of defendant who were charged "ATM Balance Inquiry Fees" without proper notice.

38.  The members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of Class members is unknown to plaintiffs at this time and can only be ascertained through the appropriate discovery, plaintiffs believes that there are hundreds or thousand of members in the proposed Class.  Other members of the Class may be identified from records maintained by defendants and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in class action.

39.  Plaintiffs' claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of statutes that are complained of herein.

7

40.    Plaintiffs will fairly and adequately protect the interests of the members of the Class in that they have no interests antagonistic to those of the other members of the Class.

41.    Plaintiffs have retained experienced and competent counsel.

42.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Since the damages sustained by individual Class members may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the Class to individually seek redress for the wrongful conduct alleged herein.  If Class treatment of these claims were not available, defendants would likely unfairly receive thousands of dollars or more in improper premium charges.

43.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the common questions of law fact to the Class are:

(a) whether defendants breached their duty of good faith and fair dealing by charging and/or collecting "ATM balance inquiry fees" without proper notice to the customer.

8

(b) whether the "ATM balance inquiry fee" charged by defendants constituted a breach of their agreement with plaintiffs and others members of the Class;

(C) whether defendants breached their agreement with their customers by charging, collecting and retaining fees for "ATM Balance Inquiry Fees" without proper notice;

(d) whether defendants engaged in fraudulent or unfair and deceitful practices by charging and collecting "ATM Balance Inquiry Fees".

(e) whether defendants are in violation of Section 205.16 of the Electronic Code of Federal Regulations.

(f) whether the members of the Class have sustained damages as a result of defendants' wrongful conduct;

(h) whether defendants have been unjustly enriched by their scheme of collecting, charging and retaining "ATM Balance Inquiry Fees"

(i) whether defendants should be enjoined from continuing their unlawful practices, and;

(j) the appropriate measure of damages and/or other relief.

9

44.   The Class is readily definable, and prosecution of this action as a class action will reduce the possibility of repetitious litigation.   The names and addresses of substantially all of the members of the Class are available from defendants.   Plaintiffs know of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a Class action.

## AS AND FOR A FIRST CAUSE OF ACTION

(Breach of Contract New York and Nationwide)

45.   Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

46.   Defendants breached their agreement with plaintiffs and the Class by charging and collecting "ATM Balance Inquiry Fees" without proper notice to plaintiffs and their customers.

47.   Defendants' methods of charging and collecting these fees constitutes a breach of the implied covenant of good faith and fair dealings existing in defendants' agreement with plaintiffs and the Class.

48.   Plaintiffs and the Class have been injured as a result of defendants' breach of their agreement.

10

49.    Defendants are liable to plaintiff and the Class for damages sustained as a result of the breach.

## AS AND FOR A SECOND CAUSE OF ACTION

(Common Law Fraud New York and Nationwide)

50.    Plaintiffs repeats and reallege each and every allegation contained above as if fully set forth herein.

51.    Defendants intentionally made materially false and misleading representations to plaintiffs and the Class by failing to advise the plaintiffs and the Class the reason for being charged for "ATM Balance Inquiry Fees".

52.    Plaintiffs and the Class were induced by, and relied on, defendants' false and misleading representation and omissions and did not know at that time that they entered into agreements with defendants that defendants intended to charge, collect and retain charges for "ATM Balance Inquiry Fees" without proper notice.

53.    Defendants knew, or should have known, of their false and misleading representation and omissions and conducted themselves in a misleading and deceptive manner without corrective disclosures.

54.  Had defendants adequately disclosed their intended charging, collection and retention of unsolicited, non-requested and unnecessary "ATM Balance Inquiry Fees", plaintiffs would seek their balance inquiries elsewhere.

55.  Plaintiffs and the Class have been injured as a result of defendants' fraudulent conduct.

56.  Defendants are liable to plaintiffs and the Class for damages sustained as a result of defendants' fraud, in an amount to be determined at trial.

### AS AND FOR A THIRD CAUSE OF ACTION

(Violation of General Business Law Sections 349 and 350)

(New York State Class of Customers)

57.  Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

58.  Defendants' conduct constitutes deceptive acts or practices and/or false advertising in the conduct of business, trade or commerce or on the furnishing of services in this state which effects the public interest under New York General Business Law Section 349 and 350.

59.   .Defendants' conduct was materially misleading to plaintiffs and the Class.

60.   During the Class period, the defendants carried out a plan, scheme and course of conduct which was consumer oriented.

61.   · Plaintiffs and· the Class ·were injured by defendants' conduct .

62.   The injuries to plaintiffs and the Class were foreseeable to defendants and, thus, failure to disclose the defendants' intended conduct is unconscionable and unreasonable.

63.   Defendants are liable for injuries sustained by Plaintiffs and the Class to the maximum extent allowable under New York General Business Law Section 349 and 350.

### AS AND FOR A FOURTH CAUSE OF ACTION

(Unjust Enrichment - New York State and Nationwide)

64.   Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein. ·

65.   Because of the wrongful activities described above, including the collection and retention of fees for unnecessary and non-existent insurance coverage, defendants have earned illegal profits and unjustly enriched themselves at the expense of the plaintiffs and Class members in New York and nationwide.

66.   As a result of defendants charging and collecting these fees, defendants must account to the plaintiffs and the Class members for such unjust enrichment and disgorge its unlawfully held monies and profits.

67.   By reason of the foregoing, plaintiffs and the Class have suffered damages.

## AS AND FOR A FIFTH CAUSE OF ACTION

(Violation of Section 205.16 of the Electronic Code of Federal Regulations)

(New York State and Nationwide)

68.   Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

69.   That pursuant to Section 205.16 of the Electronic Code of Federal Regulations, an automated teller machine that imposes a fee for a balance inquiry is required to provide notice that a fee will be imposed for providing a balance inquiry fee.

14

70.   That pursuant to Section 205.16 of the Electronic Code of Federal Regulations, an automated teller machine that imposes a fee for a balance inquiry is required to disclose the amount of the fee.

71.   That pursuant to Section 205.16 of the Electronic Code of Federal Regulations, the automated teller machine must post in a prominent and conspicuous location that a fee will be imposed for provided a balance inquiry.

72.   That defendants failed and fails to disclose to the plaintiffs and the consumer the fact that a balance inquiry fee would be imposed.

73.   That defendants failed an fails to disclose to plaintiffs and the consumer the amount of balance inquiry fees.

74.   That defendants failed and fails to disclose to plaintiffs and the consumer, in a prominent and conspicuous location, that a fee will be imposed for providing balance information.

75.   That defendants are in violation of Section 205.16 of the Electronic Code of Federal Regulations.

15

WHEREFORE, plaintiffs pray for relief and judgment as follows:

(A) For an Order certifying this action as a Class Action pursuant to the provisions of Article 9 of the CPLR, with plaintiffs certified as representatives of the Class;

(B) For compensatory damages in favor of plaintiffs and the Class;

(C) For punitive damages on plaintiffs' fraud claim, in an amount not less than three times the total damages as determined at trial;

(D) For other damages as prescribed by law, including treble damages in excess of the statutory minium under General Business Law Section 349;

(E) For costs and disbursements incurred in connection with this action, including reasonable attorneys' fees and expenses.

(F) for pre- and post-judgment interest; and

(G) Enjoining defendants from continuing to implement its unlawful and illegal practices, and for such other and further relief as the Court deems just and proper.

16

Yours, etc.,

HARRY I. KATZ, P.C.
Attorneys for Plaintiff

BY: VICTORIA L. WEINMAN
61-25 Utopia Parkway
Fresh Meadows, NY      11365
718-463-3700

17

EXHIBIT "A"

Washington Mutual | Servicing - Windows Internet Explorer

https://online.wamu.com/Servicing/Servicing.aspx?targetPage=TransactionHistory&accountIndex=1&productCode=DDA

File Edit View Favorites Tools Help

Google Go Bookmarks PageRank 400 blocked Check AutoLink AutoFill Send to

Washington Mutual | Servicing

## My Accounts

- Online Banking
- View My Accounts
  - Transaction History
  - Online Statements
  - Account Details
- Pay Bills & Loans
- Transfer Funds
- Account Services
- Edit Personal Info
- Settings and Notifications

## Transaction History

- Download Transaction History

- Select the account you would like to view
- Sort transaction by clicking a column title
- Search the transaction by entering a date, check number or keyword

Search for Transactions

From: (mm/dd/yyyy) To: (mm/dd/yyyy)

Check(s): Enter a single check number or range of check numbers.

Keyword: Go

### Select an Account:

WAMU FREE CHECKING(TM)*****0576

WAMU FREE CHECKING(TM) Ledger Balance: $577.82

| | | | | | |
|---|---|---|---|---|---|
| 07/20/2007 | Check - 0000000221 | 221 | -$2,000.00 | | $577.82 |
| 07/17/2007 | *ATM BALANCE INQUIRY FEE - DOMESTIC | | -$4.00 | | $2,577.82 |
| 07/09/2007 | *CUSTOMER DEPOSIT | | | +$1,000.00 | $2,581.82 |
| 07/03/2007 | Check - 0000000220 | 220 | -$530.00 | | $1,581.82 |
| 07/03/2007 | 432 CENTRAL AVE CEDARHURST 0703 G | | -$100.00 | | $2,211.82 |
| 06/22/2007 | 432 CENTRAL AVE CEDARHURST 0622 G | | -$100.00 | | $2,311.82 |
| 06/20/2007 | Check - 0000000219 | 219 | -$500.00 | | $2,411.82 |
| 06/15/2007 | *ATM BALANCE INQUIRY FEE - DOMESTIC | | -$2.00 | | $2,911.82 |
| 06/12/2007 | 432 CENTRAL AVE CEDARHURST 0612 G | | -$200.00 | | $2,913.82 |
| 05/24/2007 | CAPITAL ONE ONLINE PMT 7143399601?4671 | | -$97.14 | | $3,113.82 |
| 05/23/2007 | Check - 0000000218 | 218 | -$200.00 | | $3,210.96 |
| 05/21/2007 | 432 CENTRAL AVE CEDARHURST 0521 G | | -$200.00 | | $3,410.96 |
| 05/21/2007 | *CUSTOMER DEPOSIT | | | +$528.00 | $3,610.96 |
| 05/10/2007 | *CUSTOMER DEPOSIT | | | +$3,000.00 | $3,085.96 |

WaMu

My Accounts

| Personal | Business | About WaMu | My Accounts |

**Online Banking**
- View My Accounts
- Transaction History
- Online Statements
- Account Details
- Pay Bills & Loans
- Transfer Funds
- Account Services
- Edit Personal Info
- Settings and Notifications

## Transaction History

> Download Transaction History

- Select the account you would like to view
- Sort transaction by clicking a column title
- Search the transaction by entering a date, check number or keyword

**Select an Account:**
ONLINE SAVINGS----#038

ONLINE SAVINGS: Ledger Balance: $99.51

**Search for Transactions**
- From: _____ (mm/dd/yyyy) To: _____ (mm/dd/yyyy)
- Check(s): _____ Enter a single check number or range of check numbers.
- Keyword: _____

| Date | Description | Amount | Balance |
|---|---|---|---|
| 07/18/2007 | INTEREST PAYMENT | | $99.51 |
| 06/18/2007 | ATM BALANCE INQUIRY FEE - DOMESTIC | -$4.00 | +$0.40 |
| 05/18/2007 | INTEREST PAYMENT | | +$0.46 |
| 05/16/2007 | INTEREST PAYMENT | | +$105.11 |
| 05/09/2007 | INTEREST PAYMENT | -$88.45 | +$2.85 |
| 04/18/2007 | XFR/OLB TRANSFER TO ******0075 | | $1,073.95 |
| 04/17/2007 | ACCENT/ALWAYS CREDIT TO ******0075 | $100.00 | $100.00 |
| 04/17/2007 | INTEREST PAYMENT | | +$6.45 |
| 04/01/2007 | XFR/OLB TRANSFER TO ******0529 | $1,000.00 | +$1,096.45 |
| 03/16/2007 | INTEREST PAYMENT | | +$9.26 |
| 03/16/2007 | XFR/OLB TRANSFER TO ******0529 | $1,000.00 | $1,000.30 |
| 02/20/2007 | INTEREST PAYMENT | $1,018.87 | +$9.28 |
| 02/16/2007 | XFR/OLB TRANSFER FROM ******0529 | | $2,009.28 |
| 01/18/2007 | INTEREST PAYMENT | | +$11.68 |
| 01/02/2007 | XFR/OLB TRANSFER FROM ******0573 | $2,114.17 | $3,000.00 |

**CLIENT VERIFICATION**

STATE OF NEW YORK     )
                      ) s.s.:
COUNTY OF QUEENS      )

SOLOMON AZOSE and NATALIE AZOSE, being duly sworn, depose and state as follows:

Deponents are the plaintiffs in the within action and have read the foregoing COMPLAINT, and know the contents thereof, that the same are true to deponents' own knowledge, except as to the matters therein stated to be alleged upon information and belief, and, as to those matter, deponents believe them to be true.

X _____
Solomon Azose

X _____
Natalie Azose

Sworn to before me this 24th
day of October, 2007

X _____
Notary Public

PAUL CHAIT
Notary Public, State of New York
No. 02CH6157880
Qualified in Queens County
Commission Expires 12/11/2010

## CERTIFICATION

Victoria L. Weinman, an attorney-at-law duly admitted to practice law before the Courts of the State of New York, hereby certifies as follows:

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the paper or the contentions herein are not frivolous, as that term is defined in Part 130 of the Rules of the Chief Administrator (22 NYCRR).

DATED:      Fresh Meadows, NY
            October 18, 2007

                                    _Victoria L. Weinman_ (signature)
                                    Victoria L. Weinman