UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

SOLOMON AZOSE and NATALIE AZOSE,
Individually and on behalf of all others similarly
situated,

                Plaintiffs,                         **MEMORANDUM & ORDER**

    -v.-                                 07-CV-4995 (DRH)(ARL)

WASHINGTON MUTUAL BANK, J.P. MORGAN
CHASE & CO. and CHASE MANHATTAN
BANKING CORPORATION,

                Defendants.
_____

**Appearances:**

**For the Plaintiffs:**
**HARRY I. KATZ, P.C.**
61-25 Utopia Parkway
Fresh Meadows, New York 11365
By: Harry I. Katz, Esq.

**For Defendant Washington Mutual Bank:**
**STROOCK & STROOCK & LAVIN LLP**
2029 Century Park East
Los Angeles, California 90067
By: Lisa M. Simonetti, Esq.
    Janet L. Hensch, Esq.

**For Defendants J.P. Morgan Chase & Co. and
Chase Manhattan Banking Corporation:**
**WILMER CUTLER PICKERING HALE & DORR LLP**
399 Park Avenue
New York, New York 10022
By: Christopher R. Lipsett, Esq.

**WILMER CUTLER PICKERING HALE & DORR LLP**
1875 Pennsylvania Avenue, NW
Washington, DC 20006
By: Rebecca Gelfond, Esq.

**HURLEY, Senior District Judge**:

Plaintiffs Solomon Azose and Natalie Azose, individually and on behalf of all persons similarly situated, ("Plaintiffs"), filed the present class action against Defendants Washington Mutual Bank ("Washington Mutual"), J.P. Morgan Chase & Co. and Chase Manhattan Banking Corporation ("Chase"),[1] (collectively "Defendants"), alleging, inter alia, violations of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. §§ 1693 et seq., and its implementing regulations, 12 C.F.R. § 205 et seq. Defendants have each moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons stated below, Defendants' motions are granted, and Plaintiffs are given thirty days to amend their pleading.

## BACKGROUND

### I.      *The Complaint*

The following facts are taken from the Complaint and are presumed true for purposes of this motion.

Plaintiffs were banking customers of Washington Mutual with checking and savings accounts at the bank ("Washington Mutual accounts"). (Compl. ¶¶ 2, 7; Ex. A.) On three separate occasions in June 2007 and July 2007, Plaintiffs used an automated teller machine ("ATM") at a Chase location in Lawrence, New York to conduct balance inquiries on their

---

[1] Defendant JPMorgan Chase & Co. states that for purposes of this motion, it assumes that Plaintiffs' Complaint against Defendants "J.P. Morgan Chase & Co." and "Chase Manhattan Banking Corporation" is intended to be against JPMorgan Chase Bank, National Association ("Chase"), which is the national bank operating in New York whose ATM is the subject of the pleaded events. (Def.'s Mem. at 1, n.1.) Defendants note that "Chase Manhattan Banking Corporation" went out of existence in 1992, and "J.P. Morgan Chase & Co." is not a bank, but rather is a holding company with no involvement in the events of this action. (*Id.*)

Washington Mutual accounts.  (*Id.* ¶¶ 3-6; 10, 12, 14.)  Washington Mutual charged an "ATM

Balance Inquiry Fee" to Plaintiffs for each transaction.  (*Id.* ¶¶ 9-14; Ex. A.)  At the time

Plaintiffs conducted each of the balance inquiries, the Chase ATM did not provide notice that

Washington Mutual would impose a fee for the transaction.  (*Id.* ¶¶ 15-17.)  In addition, on each

of these occasions, the Chase ATM did not disclose the amount of the fee Washington Mutual

would charge Plaintiffs nor did the Chase ATM advise Plaintiffs that they could elect to

discontinue the transaction based upon any fees.  (*Id.* ¶¶ 18-26.)

Plaintiffs do not allege that they have a checking, savings or other consumer asset

account at Chase, nor do they allege that Chase charged them a fee for any of the transactions.

## II.     *Procedural Background*

Plaintiffs commenced this action in New York State Supreme Court, Queens

County, on October 31, 2007 alleging principally that Defendants violated the EFTA and 12

C.F.R. § 205.16 of Regulation E, 12 C.F.R. §§ 205.1-205.18 ("Regulation E") by their failure to

comport with the Act's notice and fee requirements.  Defendant Washington Mutual removed

this matter to this Court on November 30, 2007 pursuant to 28 U.S.C. § 1441(b).

## III.    *Claims Asserted in the Complaint*

The Complaint asserts five causes of action: (1) breach of contract; (2) common

law fraud; (3) violation of New York General Business Law §§ 349 and 350; (4) unjust

enrichment; and (5) violation of the EFTA and 12 C.F.R. § 205.16 of Regulation E. (Compl. ¶¶

45-75.)  Plaintiffs withdraw the first four causes of action against Defendants.  (Pls.' Opp'n

Mem. at 2.)  Accordingly, these claims are hereby dismissed.

Count 5, the remaining cause of action, alleges principally that Defendants

assessed fees against Plaintiffs for conducting balance inquiry transactions at the Chase ATMs, and "the ATM[s] by which Plaintiffs checked their banking balances did not provide notice that a fee would be charged for such balance inquiries or of the amount of such fees" in violation of 12 C.F.R. § 205.16 of Regulation E of the EFTA. (Pls.' Opp'n Mem. at 1-2.) Defendants now move by the instant motions to dismiss the Complaint pursuant to Rule 12(b)(6) for failure to state a claim on which relief can be granted under the EFTA.

## DISCUSSION

### I.      *Motion to Dismiss: Legal Standards*

A complaint is subject to dismissal under Rule 12(b)(6) where it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The test is whether the plaintiff is entitled to offer evidence to support his claim, not whether he is ultimately likely to prevail. *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). A court must liberally construe the claims and "accept[] all factual allegations in the complaint and draw[] all reasonable inferences in the plaintiff's favor." *ATSI Commcn's, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

Rule 8(a) provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court recently addressed the pleading standard applicable in evaluating a motion to dismiss under Rule 12(b)(6). In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007), the Court disavowed the well-known statement in *Conley v. Gibson*, 355 U.S. 41 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*

at 45-46. Instead, to survive a motion to dismiss under *Twombly*, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. at 1974.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 1964-65 (citations and internal quotation marks omitted).

The Second Circuit has stated that *Twombly* does not require a universally heightened standard of fact pleading, but "instead requir[es] a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007). In other words, *Twombly* "'require[s] enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible.'"" *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1974). Although *Twombly* did not make clear whether the plausibility standard applies beyond the antitrust context, the Second Circuit has "declined to read *Twombly's* flexible 'plausibility standard' as relating only to antitrust cases." *ATSI Commn's, Inc.*, 493 F.3d at 98 n.2.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court must look to the allegations on the face of the complaint, but may also consider "[d]ocuments that are attached to the complaint or incorporated in it by reference." *Roth v. Jennings,* 489 F.3d 499, 509 (2d Cir. 2007); *Gillingham v. GEICO Direct*, 2008 WL 189671, at *2 (E.D.N.Y. Jan. 18, 2008) (noting that a court considering a motion to dismiss "must limit itself to the facts stated in

the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint") (internal quotation marks omitted).

## II.      *Statutory and Regulatory Background*

The EFTA was enacted as part of the comprehensive Consumer Credit Protection Act, Pub. L. No. 95-630 § 2001, 92 Stat. 3641 (1978) (codified as amended at 15 U.S.C. § 1601 et seq.).   Its purpose was to protect consumers by providing a "basic framework establishing the rights, liabilities, and responsibilities of participants in electronic transfer systems."  15 U.S.C. § 1693(b); *see Flores v. Diamond Bank,* 2008 WL 4861511, at *1 (N.D. Ill. Nov. 7, 2008); *Voeks v. Pilot Travel Ctrs.*, 560 F. Supp. 2d 718, 720 (E.D. Wis. 2008); *see also Household Finance Realty Corp. v. Dunlap*, 834 N.Y.S.2d 438, 442 (N.Y. Sup. Ct. 2007).   Pursuant to the EFTA, an operator of an ATM is required to provide notice of the fees charged to consumers.  *Id.* Specifically, 15 U.S.C. § 1693b(d) states in pertinent part:

> **(3)      Fee disclosures at automated teller machines**
>
> **(A)      In general**
>
> The regulations prescribed under paragraph (1) shall require any automated teller machine operator who imposes a fee on any consumer for providing host transfer services to such consumer to provide notice in accordance with subparagraph (B) to the consumer (at the time the service is provided) of–
>
> (i)      the fact that a fee is imposed by such operator for providing the service; and
>
> (ii)      the amount of any such fee.

-6-

**(B)    Notice requirements**

**(i)    On the machine**

The notice required under clause (i) of subparagraph (A) with respect to any fee described in such subparagraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.

**(ii)    On the screen**

The notice required under clauses (i) and (ii) of subparagraph (A) with respect to any fee described in such subparagraph shall appear on the screen of the automated teller machine, or on a paper notice issued from such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction . . . .

**(C)    Prohibition on fees not properly disclosed and explicitly assumed by consumer**

No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless –

(i)    the consumer receives such notice in accordance with subparagraph (B); and

(ii)    the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.

**(D)    Definitions**

For purposes of this paragraph, the following

definitions shall apply:

**(i)      Automated teller machine operator**

The term "automated teller machine operator"
means any person who–

(I)      operates an automated teller machine at
which consumers initiate electronic fund
transfers; and

(II)      is not the financial institution that holds the
account of such consumer from which the
transfer is made.

15 U.S.C. § 1693b(d)(3).

In enacting the EFTA, Congress delegated to the Board of Governors of the

Federal Reserve System (the "Board") the authority and responsibility to "prescribe regulations

to carry out the purposes" of the Act.  15 U.S.C. § 1693b(a).  In particular, with respect to the

issue of ATM notice, the Board has promulgated certain administrative regulations codified at 12

C.F.R. § 205 ("Regulation E").  In relevant part, Regulation E provides:

**§ 205.16      Disclosures at automated teller machines**

(b)      General.  An automated teller machine
operator that imposes a fee on a consumer
for initiating an electronic fund transfer or a
balance inquiry shall:

(1)      Provide notice that a fee will
be imposed for providing
electronic fund transfer
services or a balance inquiry;
and

(2)      Disclose the amount of the fee.

12 C.F.R. § 205.16.  The regulation distinguishes between the requirements for on-machine and

on-screen notices.  With respect to the on-machine notice, the ATM operator must provide notice

to a potential consumer that:

> (i)     A fee will be imposed for providing
> electronic fund transfer services or for a
> balance inquiry; or

> (ii)    A fee may be imposed for providing
> electronic fund transfer services or for a
> balance inquiry, but the notice in this
> paragraph (c)(1)(ii) may be substituted for
> notice in paragraph (c)(1)(i) only if there are
> circumstances under which a fee will not be
> imposed for such services. . . .

12 C.F.R. § 205.16(c)(1).  With respect to the on-screen notice, the notice must inform the

consumer that a fee will be imposed and the amount of the fee before the consumer is committed

to completing the transaction.  12 C.F.R. § 205.16(c)(2).

Likewise, pursuant to the EFTA and Regulation E, a financial institution or an

account-holding bank is required to provide certain initial disclosures to its consumers regarding

any fees imposed by the financial institution.  For purposes of this part, the following definition

shall apply:

> **§ 205.2       Definitions**

> (i)    *Financial Institution* means a bank, savings
> association, credit union, or any other
> person that directly or indirectly holds an
> account belonging to a consumer, or that
> issues an access device and agrees with a
> consumer to provide electronic fund transfer
> services.

12 C.F.R.§ 205.2(i).  Specifically, 12 C.F.R. § 205.7 provides in pertinent part:

> **§ 205.7       Initial disclosures**

(a) *Timing of Disclosures.* A financial institution shall make the disclosures required by this section at the time a consumer contracts for an electronic fund transfer service, or before the first electronic fund transfer is made involving the consumer's account.

(b) *Content of disclosures.* A financial institution shall provide the following disclosures, as applicable:

. . . .

(5) *Fees.* Any fees imposed by the financial institution for electronic fund transfers or for the right to make transfers.

. . . .

(11) *ATM fees.* A notice that a fee may be imposed by an automated teller machine operator as defined in § 205.16(a)(1), when the consumer initiates an electronic fund transfer or makes a balance inquiry, and by any network used to complete the transaction.

12 C.F.R. § 205.7; *see* 15 U.S.C. § 1693c(a)(4) ("The terms and conditions of electronic fund transfers involving a consumer's account shall be disclosed at the time the consumer contracts for an electronic fund transfer service, in accordance with the regulations of the Board. Such disclosures . . . shall include . . . any charges for electronic fund transfers or for the right to make such transfers.").

A bank's conduct is not actionable if it complies with Regulation E or the Board's Official Commentary. 15 U.S.C. § 1693m(d).

In the instant matter, Chase is considered the automated teller machine operator and therefore was subject to the disclosure obligations under 12 C.F.R. § 205.16. Washington Mutual is the account-holding bank and thus was subject to the notice requirements set forth in 12 C.F.R. § 205.7.

**III.    *Defendants' Motions to Dismiss the Complaint are Granted***

Plaintiffs' fifth cause of action alleges that "Defendants are in violation of Section 205.16 [of Regulation E]" because "pursuant to Section 205.16 . . . , an automated teller machine that imposes a fee for a balance inquiry is required to provide notice that a fee will be imposed for providing a balance inquiry . . ." and "to disclose the amount of the fee," but Chase's ATM provided no such disclosure.   (Compl. ¶¶ 68-75.)   According to Plaintiffs, Defendants failed to provide notice at the ATM or elsewhere of any charges or fees that were to be assessed against them for balance inquiries concerning their Washington Mutual accounts made on the Chase ATM.  Defendants each move to dismiss this claim on the ground that Plaintiffs' Complaint does not state a claim against them under Regulation E.  The Court will address each Defendants' motions in turn.

**(A)    *Defendant Chase's Motion to Dismiss***

Defendant Chase contends that Plaintiffs' claim should be dismissed because (1) Plaintiffs do not allege that Chase charged them an ATM fee; and (2) as the ATM operator, Chase had no obligation under Regulation E to disclose to Plaintiffs that a fee would be imposed on them by Washington Mutual for conducting a balance inquiry on their Washington Mutual accounts at a Chase ATM.  The Court agrees.

"As in all statutory construction cases, we begin with the language of the statute."

*Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 450 (2002). By its terms, Regulation E requires Chase, as the ATM operator, to disclose at the ATM only those fees that Chase imposed on Plaintiffs for the balance inquiries they made on the Chase ATM. 12 C.F.R. § 205.16(b) (stating an ATM operator "that imposes a fee on a consumer" for initiating a balance inquiry shall provide notice); 15 U.S.C. § 1693(d)(3) (same); *cf. Morissey v. Webster Bank, N.A.*, 417 F. Supp. 2d 183, 189 (D. Mass. 2006) (stating that under the terms of the EFTA and Regulation E, "the notice regulation only applies to an ATM operator that imposes a fee") (internal quotation marks and citation omitted); *Clemmer v. Key Bank, N.A.*, 2007 WL 5303533, at *1 (N.D. Ohio June 20, 2007) (holding "the statute only requires notice to those consumers on whom the bank imposes a fee") (internal quotation marks and citation omitted), *aff'd* 539 F.3d 349 (6th Cir. 2008); *Brown v. Bank of America, N.A.*, 457 F. Supp.2d 82, 86 (D. Mass. 2006) ("Though starting with the general statement that the notice provision applies to an ATM operator who imposes a fee 'on any consumer,' the statute then requires that the notice actually be given only 'to *such* customer . . . that a fee is imposed.'") (emphasis in original). Plaintiffs' Complaint, however, does not allege that Defendant Chase imposed a fee or otherwise assessed a fee on Plaintiffs for any of the balance inquiries made on the Chase ATMs.

Rather, Exhibit A to the Complaint reveals that Defendant Washington Mutual, the account-holding bank, imposed a balance inquiry fee on Plaintiffs for utilizing Chase's ATMs. On a plain reading, neither the EFTA nor Regulation E required Chase as the ATM operator to make any disclosure to Plaintiffs concerning any fee that the account-holding bank may impose on Plaintiffs. Thus, under these circumstances Chase was not required under Regulation E to provide notice to Plaintiffs that their account-holding bank, Washington Mutual, would assess a

fee on their accounts for each balance inquiry made at the Chase ATMs. Accordingly, Defendant

Chase's motion to dismiss Plaintiffs' fifth cause of action is granted.

**(B)** ***Defendant Washington Mutual's Motion to Dismiss***

Defendant Washington Mutual contends that Plaintiffs' claim should be dismissed

because as the account-holding institution, Washington Mutual had no disclosure obligations at

the Chase ATM under the EFTA and 12 C.F.R. § 205.16 of Regulation E as alleged in the

Complaint. According to Washington Mutual, because it was not the operator of the ATMs

referenced in the Complaint, it was not required to make any disclosures regarding the assessment

of balance inquiry fees at those ATMs. The Court agrees.

As discussed above, 12 C.F.R. § 205.16 imposes certain disclosure obligations

which must be made by an ATM operator for both "on the machine" and through "screen or paper

notice" when an ATM fee is to be imposed. 12 C.F.R. § 205.16 (setting forth the notice

requirements applicable to an ATM operator that imposes a fee). As defined under this provision,

however, it is clear that Defendant Washington Mutual was not the ATM operator, but rather was

the account-holding institution. Thus, Washington Mutual had no obligation under 12 C.F.R. §

205.16 of Regulation E to provide notice to Plaintiffs at the ATM of any fees that it may impose

when Plaintiffs utilized the Chase ATM to conduct a balance inquiry of their Washington Mutual

accounts.[2] *See Morissey,* 417 F. Supp.2d at 189 (stating that by its terms, the notice obligations at

---

[2]Washington Mutual's liability, if any, would fall under 12 C.F.R. § 205.7 (setting forth
the disclosure requirements applicable to a financial institution that imposes a fee). As the
financial institution, Washington Mutual was subject to the disclosure obligations under 12
C.F.R. §§ 205.7(b)(5), 205.7(b)(11). While these provisions require the financial institution to
disclose any charges it imposes on a consumer for ATM transactions in its disclosure statements
or in a separate document that may accompany the principal disclosure statement, there is no
requirement that the account-holding bank give its customers notice at the non-Washington
Mutual ATM of any fees it may impose. *Id.*; 12 C.F.R. §§ 205.9(b)(3); *see* 12 C.F.R. part 205

the ATM set forth in Regulation E "only applies to an ATM operator that imposes a fee"); *cf.*

*Flores,* 2008 WL 4861511, at *1; *Clemmer,* 2007 WL 5303533, at *4.  Accordingly, Defendant

Washington Mutual's motion to dismiss Plaintiffs' fifth cause of action is granted.

### (C)  *Plaintiffs' Alternative Claim against Defendants*

In Plaintiffs' Memorandum of Law in Opposition, Plaintiffs advance an

alternative claim.  Plaintiffs suggest for the first time in their opposition papers that Defendants

may have been engaged in a joint venture pursuant to a contractual relationship wherein each

bank would receive a portion of the fee charged to consumers using the Chase ATM to conduct

transactions.  According to Plaintiffs, Defendants would be liable for the nondisclosure of such

fees at the Chase ATMs.

Plaintiffs' Complaint does not address this alternative claim and contains

insufficient "[f]actual allegations . . . to raise a right to relief above the speculative level."

*Twombly*, 127 S. Ct. at 1965.  Given the sparsity of allegations in Plaintiffs' Complaint and the

complete lack of notice to Defendants that the pleading provides, the Court grants Defendants'

motions to dismiss this alternative claim.

In summary, Plaintiffs have failed to sufficiently allege that Defendant Chase or

Defendant Washington Mutual were not in compliance with the EFTA,  Regulation E or the

Official Commentary.  Accordingly, the Court grants Defendants' motions and dismisses the

Complaint.

### IV.  *Plaintiffs' are Granted Leave to Amend their Complaint*

---

Supp. I ¶ 7(b)(5)-1 and ¶ 9(b)(3).

Plaintiffs request leave to amend their Complaint to assert their alternative claim in the event the Court finds the pleading deficient. Specifically, Plaintiffs seek to assert a claim that Defendants "were acting in concert in connection with the imposition of fees upon Plaintiffs and/or one was acting as agent of the other" and therefore both Defendants may be held liable for their complicity in Chase's failure to provide the requisite notices. (Pls.' Opp'n Mem. at 14-15). Defendants oppose this application on the grounds that such an amendment would be futile.

Federal Rule of Civil Procedure ("Rule") 15(a) provides in pertinent part that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The decision whether to allow a party to amend the complaint is left to the sound discretion of the district court; there must, however, be good reason to deny the motion. *See Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 55 (2d Cir. 1995); *see also S.S. Silberblatt, Inc. v. E. Harlem Pilot Block-Bldg. 1 Hous. Dev. Fund Co.*, 608 F.2d 28, 42 (2d Cir. 1979).

With respect to the disclosure requirements of interchange system fees, Paragraph 7(b)(5) of the Official Commentary to Regulation E provides in pertinent part:

3.       *Interchange system fees.*

[f]ees paid by the account-holding institution to the operator of a shared or interchange ATM system need not be disclosed, unless they are imposed on the consumer by the account-holding institution. . . .

12 C.F.R. part 205 Supp. I ¶ 7(b)(5)-3. To the extent that interbank fees were subsequently imposed on Plaintiffs pursuant to an agency or contractual arrangement between Chase and Washington Mutual thereby possibly triggering disclosure obligations under the EFTA, it may be that Plaintiffs would be entitled to relief on their alternative claim.

Accordingly, because the Court cannot determine whether future pleading under

Regulation E or the EFTA would be futile, leave to file an amended complaint is granted. The Court directs that such amendment separately detail the allegations as to each Defendant and allege specific facts in support of their claims.

### *CONCLUSION*

For the foregoing reasons, Defendants' motions to dismiss the Complaint are GRANTED. Plaintiffs are hereby granted thirty days from the date of this Order to serve and file an amended complaint.

**SO ORDERED.**

Dated: Central Islip, N.Y.
      December 3, 2008

/s_____
Denis R. Hurley,
United States District Judge